## J. LIEBER, ET AL., *v.* S. D. WILSON, ET AL.

**Mortgage to Defraud Creditors—Burden.**

> When a mortgage is attacked upon the ground of fraud by a creditor, the burden is on the parties to such mortgage to show what the consideration was.

### APPEAL FROM McLEAN CIRCUIT COURT.

March 16, 1875.

OPINION BY JUDGE PRYOR:

There can be no question as to the right of Wilson to mortgage his crop of corn and tobacco to his brother-in-law, J. H. Linvin, if made for the purpose of securing a valid subsisting debt.

The appellant was a stranger to the instrument, and in no manner connected with the transaction. When attacked upon the ground of fraud, the burden was on the parties to the mortgage to show what the consideration was. It was within their power, if a *bona fide* transaction, to remove all suspicion that might be entertained in regard to the purposes for which it was executed. This they have wholly failed to do. J. H. Linvin, the mortgagee, says that he and Wilson had a settlement on the street the day the note was executed. He does not recollect how this debt was created, except that Wilson had been getting in his debt for some time; he fails to remember the amount of his account on Wilson, and gives no intelligent or satisfactory account of the manner in which the eight hundred dollar debt originated.

The statements made by the father, son and son-in-law, when carefully examined and considered, show no consideration for the execution of the mortgage; but on the contrary, they produce a conviction that the real object for its execution was to enable Wilson to avoid the payment of his just debts. The father says that the consideration was money loaned, one mule, corn and bacon. Whether he refers to the eight hundred dollar mortgage or the three hundred, does not appear, and whether to either or to both, the court is

still left in ignorance as to the amount of money loaned or the quantity of corn and bacon furnished; and besides, the party making the loan ought himself to be able to give some definite statement in regard to it.

As an evidence of the manner in which these important transactions are lost sight of by these parties, the father says that the mortgage to him by the son-in-law for one thousand dollars was satisfied by the execution of a joint note of the son-in-law and wife, his daughter, whilst the latter says that he satisfied it by paying the money. There is nothing in the record showing that their business was so extensive as to induce the belief that these transactions might have been forgotten; but the facts clearly indicate that men of ordinary business habits, and with limited means, would be able to give a plain and clear statement of such important business affairs. The execution of the various mortgages, and the relation of these parties, connected with the unsatisfactory statement as to the consideration, leave but little doubt as to the purpose in view by the execution of the mortgage in controversy.

The judgment is *reversed,* and the cause remanded with directions to sustain the attachment and disregard the mortgage, so far as it affects the claim of appellants, and for further proceedings consistent with this opinion.

*J. C. Jonson, for appellants.*
*George A. Prentice, for appellees.*